UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSEPH BELANGER

v.                                                              C.A. No. 06-303 T

SANDRA A. LANNI, ESQ., et al

## O R D E R

The Clerk of Court is hereby directed to treat the letter attached to this Order as a Notice of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1).

IT IS SO ORDERED.

_____
Jacob Hagopian
Senior United States Magistrate Judge
September 26, 2006

J. Belanger
v.
S. Lanni, Esq.
J. Roch/Gervais

C.A. No. 06-303T

September 15, 2006

Dear Judge Hagopian,

This is an official request that the Honorable court allow me to withdraw the motion and complaint for above mentioned cause. I intended to litigate; But, because I filed this, and several motions, with Kent County Family Court regarding C.A. #'s K96-0808M and KSP-06-000013 the above mentioned defendants interfered and manipulated the State of R.I., inter-state compact office, to deny my parole transfer compact, approximately ten (10) day's before my release, after it was already accepted and approved, 8-10-06.

On 7-27-06 Mrs. Gervais, through her attorney S. Lanni, Esq., filed a complaint with T.D.C.J.-I.D. Smith Unit, Warden's office, stating I violated protective order K96-0808M. I was charged with Texas Penal Code 25.07 "Violation of a Protective Order", Case # 20060346183. On 8-7-06 I was found Not Guilty. Because evidence produced by defendants clearly indicated I sent said correspondence to office of, attorney of Record, S. Lanni, Esq. In Accordance to: Tx. Penal Code 25.07, Section (2) Communicates, Part C "in any manner with protected individual or member of family or household, Except through the person's attorney or person appointed by the Court, if order prohibits any communication with a protected individual or member of family or household."

I followed proper legal procedure according to Texas law. I have absolutely no access to R.I. law, and thought the law would not vary much considering they are pursuant to 18 USC 2265, 1994.

To date, I have not heard of any legal proceedings being lodged against me in R.I.

Kent County Family Court continues to find in favor of Mrs. Gervais by default. How can I be present for these hearings if I am incarcerated in Texas? I honestly believe my constitutional Amendments Sixth, Eighth, and Fourteenth have been violated throughout all these proceedings. Now I am being denied returning to R.I.; which, I am a legal resident, is my home, all my family, and my employment are there. Plus, it was an R.I. arrest that returned me to Tx. on parole violation.

According to R.I. General Law, Parole Supervision Act §§ 13-9-1 to 13-9-5 I should be allowed to transfer back to R.I. Here, again, my Sixth, Eighth, and Fourteenth Constitutional Amendments are being

(1)

violated. By denying my inter-state parole transfer without any prosecution, of said violation of Protective Order, or final disposition, and a Not Guilty verdict, on said violation, here in Texas, my Due Process rights are being trampled upon.

Kent County Family Courts ruling to continue protective order K-96-0508M until 8-22-09, without my ever being allowed to be heard by court, is unjust. MRS. Gervais and S. Lanni, Esq., informed my mother, Rose Mary Nichols, phone # (401) 615-3071, that if I signed a consent form terminating my parental rights and consent to adoption, having it notarized, the complaints would be dismissed. On 8-8-06 I signed said form and had it notarized and mailed it out on 8-9-06.

Yet, instead of following through with what they said, they decided to manipulate the judicial process and extend said protective order; which, is now the basis of my not being allowed to return to R.I. All the above has devastated me, Your Honor, and has me cornered and concerned about survival. Come October 27, 06 I mandatory discharge and will be released. But, because of above, I have to remain in Texas with no place to go, no home, or family, and no employment. All of which are in Rhode Island.

Please accept my utmost apology. It was not my intention to waste the Honorable Court or Your time, Sir. I am sorry for any inconvenience this has caused.

Your Honor, you will find that S. Lanni, Esq. initiated the filing of complaints and interference with R.I. inter-state compacts office on 7-27-06, after being notified by your Courts clerks office on either 7-25 or 7-26-06. And, also, because of motions I filed with Kent County Family Court and were received by Attorney S. Lanni, Esq. office on same approximate date.

Please dismiss the above mentioned Cause without prejudice. I fully intend to litigate this when I have the available means. At this time its impossible. All my concentration is directed to my personal well being come, October 27, 06, my discharge date.

Upon my release and gainful employment I will pay, in monthly installments, any costs you and your Court deems necessary.

Thank you for your Time and Consideration.

Respectfully,
Joseph Belanger

(2)